# **EXHIBIT 11**

FILE COPY

## PROMISSORY NOTE

Dated: November 1, 2001

FOR VALUE RECEIVED, the undersigned, Enron North America Corp., a corporation organized under the laws of the State of Delaware (together with its successors, transferees and assigns, the "*Borrower*"), hereby promises to pay to the order of Enron Finance Partners, LLC, a Delaware limited liability company (together with its successors, transferees and assigns, the "*Lender*"), in lawful money of the United States of America, FIVE-HUNDRED AND EIGHT MILLION DOLLARS ($508,000,000) (the "*Loan*") together with interest thereon, on the earlier of demand and November 30, 2001 (the "*Maturity Date*"), as further provided in Section 2.

1.  Certain Defined Terms. Capitalized terms used herein shall have the following meanings and capitalized terms used but not otherwise defined herein shall have the meanings specified in the Third Amended and Restated Limited Liability Company Agreement of Enron Finance Partners, LLC, dated as of November 28, 2000 (as amended, amended and restated or otherwise modified from time to time):

"*Business Day*" means any day other than a Saturday, a Sunday or a day on which banking institutions or trust companies in New York, New York or Houston, Texas, are authorized or obligated by law, regulation or executive order to remain closed.

"*Code*" means the Internal Revenue Code of 1986, as amended.

"*Person*" means any individual, corporation, estate, partnership, joint venture, association, joint stock company, trust (including any beneficiary thereof), unincorporated organization or government or any agency or political subdivision thereof.

"*Prescribed Forms*" means such duly executed form(s) or statement(s) and in such number of copies, which may, from time to time, be prescribed by law and which, pursuant to applicable provisions of (a) an income tax treaty between the United States and the country of residence of the Lender providing the form(s) or statement(s), (b) the Code, or (c) any applicable rule or regulation under the Code, permit the Borrower to make payments hereunder for the account of the Lender free of deduction or withholding of income or similar taxes as a result of any change in or in the interpretation of any such treaty, the Code or any such rule or regulation.

2.  Payments. The Borrower promises to pay to the order of the Lender (i) the principal amount due with respect to the Loan on the earlier of demand and the Maturity Date thereof and (ii) interest on the unpaid balance of the principal amount of the Loan, which interest shall accrue from and including the date hereof until such principal is paid in full at the rate per annum equal to the greater of the sum of (x) LIBOR for the current Quarterly Period or (y) the Floating Rate CP Index plus the Market Spread (the "*Interest Rate*"), such interest to be payable

C:\Documents and Settings\mtrevino\Local Settings\Temporary Internet Files\OLK135\ENA Note payable to Enron Finance Partners ($508MM1).doc

1

SEQ-408 00219
RULE 408/CONFIDENTIAL

FILE COPY

on demand, or, if no demand is made, on the Maturity Date, to be computed for the exact number of days elapsed during any period for which interest is payable; *provided, however,* that (i) during any Default Period or (ii) upon the failure of the Borrower to pay the Loan in full on the Maturity Date, Lender shall be entitled to receive and Borrower shall pay interest on the entire unpaid principal sum at a rate per annum equal to 2% above the Interest Rate (which interest shall be payable from time to time upon demand of the Lender). In no case shall the interest herein exceed the maximum amount which the Lender may charge or collect under such laws applicable to it. All amounts payable under this Note will be paid free and clear of, and without reduction by reason of, any deduction, set-off or counterclaim.

3. Taxes.

(a) Any and all payments made by the Borrower hereunder to the Lender shall be made free and clear of and without deduction for any and all present or future taxes, levies, imposts, deductions, charges, fees duties or withholdings, and all liabilities with respect thereto "*Taxes*"), *excluding* (1) taxes imposed on its net income, and franchise taxes imposed on it, by the jurisdiction under the laws of which (or by a jurisdiction under the laws of a political subdivision of which) the Lender is organized or any political subdivision thereof from which the Lender makes the Loan in connection with this Note and (2) any taxes imposed by the United States of America by means of withholding at the source if and to the extent that such taxes shall be in effect and shall be applicable, on the date hereof, to payments to be made to the Lender (all such non-excluded taxes, levies, imposts, deductions, charges, fees, duties, withholdings and liabilities being hereinafter referred to "*Covered Taxes*"). If the Borrower shall be required by law to deduct any Covered Taxes from or in respect of any sum payable hereunder (i) the sum payable shall be increased as may be necessary so that after making all required deductions the Lender receives an amount equal to the sum it would have received had no such deductions been made, (ii) the Borrower shall make such deductions and (iii) the Borrower shall pay the full amount deducted to the relevant taxing authority or other authority in accordance with applicable law.

(b) Notwithstanding anything to the contrary contained in this Note, the Borrower shall be entitled, to the extent it is required to do so by law, to deduct or withhold income or other similar taxes (excluding Covered Taxes) imposed by the United States of America from interest, fees or other amounts payable hereunder for the account of the Lender (without the payment by the Borrower of increased amounts to the Lender pursuant to clause (a) above) other than a Lender, (i) which is a domestic corporation (as such term is defined in the Code) for United States Federal income tax purposes or (ii) which has provided, upon request, the Prescribed Forms to the Borrower for the applicable year to the extent deduction or withholding of such taxes is not required as a result of the filing of such Prescribed Forms, *provided* that if the Borrower shall so deduct or withhold any such taxes, it shall provide a statement to the Lender, setting forth the amount of such taxes so deducted or withheld, the applicable rate and any other information or documentation that the Lender may reasonably request for assisting the Lender to obtain any allowable credits or deductions for the taxes deducted or withheld in the jurisdiction or jurisdictions in which the Lender is subject to tax.

(c) In addition, the Borrower agrees to pay any present or future transfer stamp or documentary taxes or any other excise or property taxes, charges or similar levies that

C:\Documents and Settings\mrevin\Local Settings\Temporary Internet Files\OLK135\ENA Note payable to Enron Finance Partners (SS9SMMB).doc

2

SEQ-408 00220
RULE 408/CONFIDENTIAL

FILE COPY

arise from any payment made under, or from the execution, delivery, registration or enforcement of, or otherwise with respect to, this Note (hereinafter referred to as "*Other Taxes*").

(d) The Borrower, to the fullest extent permitted by law, will indemnify the Lender for the full amount of Covered Taxes or Other Taxes paid by the Lender and any liability (including penalties, interest and expenses) arising therefrom or with respect thereto except as a result of the gross negligence or willful misconduct of the Lender whether or not such Covered Taxes or Other Taxes were correctly or legally asserted. This indemnification shall be made within 30 days from the date the Lender makes written demand therefor.

(e) Within 30 days after the date of any payment of Covered Taxes by or at the discretion of the Borrower, the Borrower will furnish to the Lender the original or a certified copy of a receipt evidencing payment thereof. Should the Lender ever receive any refund, credit or deduction from any taxing authority to which the Lender would not be entitled but for the payment by the Borrower of Covered Taxes, the Lender thereupon shall repay to the Borrower an amount with respect to such credit, deduction or refund equal to any net reduction in Covered Taxes actually obtained by the Lender and determined by the Lender to be attributable to such refund, credit or deduction.

(f) The Lender shall use its best efforts (consistent with its internal policies and legal and regulatory restrictions) to select a jurisdiction for its lending office or change the jurisdiction of its lending office, as the case may be, so as to avoid the imposition of Covered Taxes or Other Taxes to eliminate the amount of any such additional amounts which may thereafter accrue pursuant to paragraph (a) above; *provided* that no such selection or change of the jurisdiction of its lending office shall be made if, in the judgement of such Lender, such selection or change would be disadvantageous to such Lender.

4. Prepayment. The Borrower may not prepay the outstanding principal amount hereof in whole or in part at any time.

5. Enforcement. In the case of any non-payment of any amount hereunder, the undersigned agrees to pay all reasonable costs and expenses including, without limitation, reasonable fees and expenses (including, without limitation, reasonable fees and expenses of counsel), incurred by the Lender in enforcing this Note.

6. Amendment. None of the terms or provisions hereof may be waived, altered, modified or amended except as the Lender may consent in a writing duly signed for and on its behalf. No failure on the part of the Lender to exercise, and no delay in exercising, any right, power or privilege hereunder shall operate as a waiver thereof or a consent thereto; nor shall any single or partial exercise of any such right, power or privilege preclude any other or further exercise thereof or the exercise of any other right, power or privilege. The remedies herein provided are cumulative and not exclusive of any remedies provided by law.

7. Notices. All notices and other communications provided for hereunder shall be in writing (including telegraphic, telecopy or telex communication) and mailed, telegraphed, telecopied, telexed or delivered, if to the Lender, at Enron Finance Partners, LLC, c/o Enron Corp., 1400 Smith Street, P.O. Box 1188, Houston, Texas, 77251-1188, Attention:

(C:\Documents and Settings\mtrevir\Local Settings\Temporary Internet Files\OLK135\ENA Note payable to Enron Finance Partners (550SMMF).doc

3

SEQ-408 00221
RULE 408/CONFIDENTIAL

FILE COPY  FILE COPY

Corporate Secretary, if to the Borrower, at Enron North America Corp. c/o Enron Corp., 1400 Smith Street, P.O. Box 1188, Houston, Texas, 77251-1188, Attention: Corporate Secretary or, in each case, at such other address as shall be designated by such party in a written notice to the other parties. All such notices and communications shall, when mailed, telegraphed, telecopied or telexed, be effective when deposited in the mails, delivered to the telegraph company, transmitted by telecopier or confirmed by telex answerback.

8.  Assignment. The Borrower may not assign or transfer its obligations under this Note without the prior written consent of the Lender. The Lender may transfer all or any part of its rights under this Note to any person or entity, except that no such transfer may be effected that would require registration or qualification under the U.S. Securities Act of 1933, as amended, or any state securities laws.

9.  Governing Law. THIS NOTE SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK.

ENRON NORTH AMERICA CORP.

Signature: _____

Name: Joseph Deffner

Title:

C:\Documents and Settings\mmevin\Local Settings\Temporary Internet Files\OLK135\ENA Note payable to Enron Finance Partners (SSGSMM)1.doc

4

SEQ-408 00222
RULE 408/CONFIDENTIAL