# EXHIBIT 22

WEIL, GOTSHAL & MANGES LLP
Attorneys for the Reorganized Debtors
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Martin J. Bienenstock (MB 3001)
Brian S. Rosen (BR 0571)
Sylvia A. Mayer (Pro Hac Vice)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------- x
                                            :
```
**In re**                                        :        **Chapter 11 Case No.**
```
                                            :
```
**ENRON CREDITORS RECOVERY CORP.,**      :        **01-16034 (AJG)**
**f/k/a Enron Corp., et al.,**
```
                                            :
```
                                            :        **Jointly Administered**
```
            Reorganized Debtors.         :
-------------------------------------------------------- x
```

### NOTICE OF HEARING ON THE REORGANIZED DEBTORS' MOTION TO CLARIFY THE OPINION REGARDING THE LIMITED OBJECTION OF THE BAUPOST GROUP AND ABRAMS CAPITAL TO APPROVAL OF AMENDED <u>SCHEDULE S TO THE PLAN SUPPLEMENT</u>

PLEASE TAKE NOTICE that a hearing to consider the motion, dated

June 14, 2007 (the "<u>Motion</u>"), filed by Enron Creditors Recovery Corp. f/k/a Enron Corp.

and its affiliated reorganized debtor entities (collectively, the "<u>Reorganized Debtors</u>") to

clarify the Opinion Regarding the Limited Objection of The Baupost Group and Abrams

Capital to Approval of Amended Schedule S to the Plan Supplement, will be held before

the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, in Room 523 of the

United States Bankruptcy Court for the Southern District of New York, Alexander

Hamilton Custom House, One Bowling Green, New York, New York, on July 12, 2007

at 10:00 a.m. (New York Time) or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, set forth the legal and factual basis therefor and be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers), and be served in accordance with General Order M-242, and the Second Amended Case Management Order Establishing, Among Other Things, Noticing Electronic Procedures, Hearing Dates, Independent Website And Alternative Method of Participation at Hearing, dated December 17, 2002 and upon (1) the Reorganized Debtors, Four Houston Center, 1221 Lamar Street, Suite 1600, Houston, Texas 77010, Attn:  General Counsel; (2) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn.:  Martin J. Bienenstock, Esq. and Brian S. Rosen, Esq. (Facsimile:  212-310-8007), attorneys for the Reorganized Debtors; and (3) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004, Attn:  Elizabeth J. Austin, Esq.; so as to be actually received by no later than July 9, 2007 at 5:00 p.m. (New York Time).

Dated: New York, New York
June 14, 2007

Respectfully submitted,

By:    _/s/ Sylvia A. Mayer_
          Martin J. Bienenstock (MB 3001)
          Brian S. Rosen (BR 0571)
          Sylvia A. Mayer (Pro Hac Vice)
          Weil, Gotshal & Manges LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone:  (212) 310-8000
          Facsimile:  (212) 310-8007

          ATTORNEYS FOR THE
          REORGANIZED DEBTORS

Hearing Date & Time:  July 12, 2007 @ 10:00 a.m. (EST)
Objection Date & Time: July 9, 2007 @ 5:00 p.m. (EST)

WEIL, GOTSHAL & MANGES LLP
Attorneys for the Reorganized Debtors
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Martin J. Bienenstock (MB 3001)
Brian S. Rosen (BR 0571)
Sylvia A. Mayer (Pro Hac Vice)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                          :        **Chapter 11**
                                                            :
**ENRON CREDITORS RECOVERY CORP.,**  :        **Case No. 01-16034 (AJG)**
**f/k/a Enron Corp., et al.,**                :
                                                            :        **Jointly Administered**
                        **Reorganized Debtors.**  :
------------------------------------------------------------x

**REORGANIZED DEBTORS' MOTION TO CLARIFY THE OPINION
REGARDING THE LIMITED OBJECTION OF
THE BAUPOST GROUP AND ABRAMS CAPITAL TO APPROVAL OF
<u>AMENDED SCHEDULE S TO THE PLAN SUPPLEMENT</u>**

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

Enron Creditors Recovery Corp., f/k/a Enron Corp. ("<u>Enron</u>"), and its affiliated

reorganized debtor entities (collectively, the "<u>Reorganized Debtors</u>") file this motion (the

"<u>Motion</u>") to clarify the opinion, dated May 29, 2007, regarding the limited objection of The

Baupost Group L.L.C. ("<u>Baupost</u>") and Abrams Capital, LLC ("<u>Abrams</u>") to approval of

amended Schedule S to the Plan Supplement (the "<u>Opinion</u>") and respectfully represent:

<u>General Background</u>

1.        Commencing on December 2, 2001 and periodically thereafter, Enron and

certain of its affiliated entities (collectively, prior to the Effective Date (as defined herein), the

"Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors' chapter 11 cases were procedurally consolidated for administrative purposes.

2.    On March 9, 2004, the Debtors filed the Plan Supplement to the Fifth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan Supplement"). On July 2, 2004, the Debtors filed the Supplemental Modified Fifth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan"). On July 15, 2004, the Court entered an order (the "Confirmation Order") confirming the Plan. The Plan became effective on November 17, 2004.

### Background Regarding the Opinion

3.    The Plan and the Confirmation Order required the Reorganized Debtors to file a schedule ("Schedule S") listing the instruments and types of claims, described in Exhibit L to the Plan, that are entitled to the benefits of subordination according to the provisions of the following instruments:

(i)    Indenture, dated February 1, 1987 (the "1987 Indenture"), pursuant to which Enron issued the 8.25% Senior Subordinated Debentures due 2012 and the 6.75% Senior Subordinated Debentures due 2005;

(ii)    Indentures, dated November 21, 1996 and January 16, 1997 (collectively, the "TOPRS Indentures"), pursuant to which Enron issued two series of 7.75% Subordinated Debentures due 2016; and

(iii)    Loan Agreements executed November 15, 1993, by and between Enron and Enron Capital LLC, in the amount of $270,569,621 and August 3, 1994, by and between Enron and Enron Capital Resources, L.P., in the amount of $94,936,709 (collectively, the "1993 and 1994 Loan Agreements") in connection with the issuances of Enron Capital Resources, L.P. Preferred Securities, Series A and the Enron Capital LLC Cumulative Guaranteed Monthly Income Preferred Securities (the "MIPS").

4.     On July 29, 2005, the Reorganized Debtors submitted an Amended Schedule S to the Plan Supplement ("Amended Schedule S") for approval by the Court.  On August 22, 2005, Baupost and Abrams (collectively, the "Objecting Parties") submitted a limited objection to the approval of Amended Schedule S (the "Initial Objection").  The Initial Objection objected to the approval of Amended Schedule S to the extent such schedule included: (i) certain intercompany claims held by affiliates of Enron (the "Intercompany Claims") and (ii) certain claims arising from or relating to reimbursement obligations under certain letters of credit obtained by Enron (the "LOC Claims").   Exhibit A to the Initial Objection identified the Intercompany Claims and LOC Claims that the Objecting Parties sought to remove from Amended Schedule S.   On September 12, 2005, the Objecting Parties filed a Notice of Modification and Correction of the Initial Objection (together with the Initial Objection, the "Limited Objection") wherein, among other things, the objection was withdrawn with respect to Claim No. 11132 as it related to the 1987 Indenture.  Various creditor-entities with an interest in Amended Schedule S filed responses to the Limited Objection.

5.     The Court held a hearing on the Limited Objection on October 20, 2005 and, on May 29, 2007, the Court entered the Opinion.  The Opinion requires the Objecting Parties "to settle an order consistent with this opinion."[1]  It is unclear to the Reorganized Debtors if the order to be settled consistent with the Opinion should address only the specific relief sought by the Objecting Parties and granted or denied in the conclusions set forth on page 43 of the Opinion or if the order should address any additional modifications to Amended Schedule S suggested by the Court's findings and conclusions throughout the Opinion.  By this Motion, the

---

[1]     Opinion, at p. 44.

Reorganized Debtors seek clarification from the Court regarding the form and extent of the settling order and, to the extent necessary, any further amendments to Amended Schedule S.

### Jurisdiction and Venue

6.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Request for Clarification of the Opinion

7.     The Opinion concludes with a section labeled "Conclusions" that appears to provide the Court's specific holdings regarding the relief sought in the Limited Objection. The Opinion, however, arguably contains additional findings that are not specified in the Conclusions, but may impact additional claims listed on Amended Schedule S.  In addition, the Conclusions do not address certain other claims that were not listed on the Limited Objection. As a result, the Reorganized Debtors seek clarification as to whether the Court seeks an order: (i) solely relating to the specified modifications to Amended Schedule S set forth in the Conclusions section of the Opinion or (ii) that includes additional modifications not specified in the Conclusions section of the Opinion, but, rather, addressed in other parts of the Opinion.

8.     If the Court seeks an order addressing additional modifications not specified in the Conclusions section, then the Reorganized Debtors further seek clarification regarding the following: (i) with respect to the TOPRS Indentures, the treatment of certain bank debt claims and third-party note claims not referenced in the Limited Objection or the Conclusions; (ii) with respect to the TOPRS Indentures and the 1987 Indenture, the treatment of certain letter of credit claims not referenced in the Limited Objection or the Conclusions; and (iii) the impact of footnote 8 of the Opinion with respect to the hierarchy between the 1987 Indenture and the TOPRS Indentures.

More specifically:

a.  **_Bank Debt Claims and Third-Party Note Claims_**.  The Court states in the Opinion that notes, debentures, bonds, and other securities must be "sold by Enron for money borrowed" in order to qualify as "Senior Indebtedness" in the TOPRS Indentures.[2] Amended Schedule S lists certain bank debt claims and third-party note claims, not referenced in the Limited Objection or the Conclusions, as Senior Indebtedness under the TOPRS Indentures.[3]  These bank debt claims and third-party note claims are potentially affected by the Court's interpretation of the definition of Senior Indebtedness.  Therefore, to ensure that the final form of Schedule S accurately reflects the Opinion, the Reorganized Debtors seek clarification as to whether the bank debt claims and third-party note claims not referenced in the Conclusions or the Limited Objection constitute Senior Indebtedness under the TOPRS Indentures.

b.  **_Additional Letter of Credit Claims._**  The Court also states in the Conclusions that the LOC Claims do not constitute Senior Indebtedness under the TOPRS Indentures or the 1987 Indenture.[4] The Limited Objection, however, did not seek relief with respect to all of the letters of credit listed as Senior Indebtedness under the TOPRS Indentures or the 1987 Indenture.[5]  Therefore, to ensure that the final form Schedule S accurately reflects the Opinion, the Reorganized Debtors seek clarification on whether the additional letter of credit claims listed as Senior Indebtedness under the TOPRS Indentures and/or the 1987 Indenture, but not referenced in the Conclusions or the Limited Objection, are to be afforded same treatment as the LOC Claims.

c.  **_Hierarchy Between 1987 Indenture and TOPRS Indentures._** Footnote 8 of the Opinion may be read to hold that the 1987 Indenture constitutes Senior Indebtedness under the TOPRS Indentures.[6]  To the extent the Court seeks the entry of an order

---

[2]  Opinion, at pp. 25-28.

[3]  Attachment A to this Motion lists the bank debt claims and third party note claims that were not included in the Limited Objection and the Conclusions but are potentially affected by the Court's finding.

[4]  Opinion, at p. 43.

[5]  Attachment B to this Motion lists the LOC Claims that were not included in the Limited Objection and the Conclusions but are potentially affected by the Court's finding.

[6]  Opinion, at p. 28, fn. 8.

addressing any subordination between the TOPRS Indentures and the 1987 Indenture, the Reorganized Debtors seek clarification as to the extent of such subordination as it relates to Amended Schedule S.

9. Based upon the foregoing, the Reorganized Debtors request clarification regarding the form of order to be submitted and, if necessary, the application of the holdings in the Opinion with respect to the aforementioned claims not specifically referenced in the Conclusions or the Limited Objection.

## Memorandum of Law

10. This Motion does not raise any novel issues of law, and, accordingly, the Reorganized Debtors respectfully request that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted in support of the Motion.

## Notice

11. As of the filing of this Motion, no trustee has been appointed in these chapter 11 cases. Notice of this Motion has been given in accordance with the Court's Second Amended Case Management Order Establishing, Among Other Things, Noticing Electronic Procedures, Hearing Dates, Independent Website and Alternative Methods of Participation at Hearings, dated December 17, 2002 and to counsel to the Objecting Parties. The Reorganized Debtors submit that no other notice need be given.

## No Previous Motion

12. No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE the Reorganized Debtors respectfully request clarification of the

Opinion and such other and further relief as is just.

Dated: New York, New York
     June 14, 2007

By:    /s/ Sylvia A. Mayer
       Martin J. Bienenstock (MB 3001)
       Brian S. Rosen (BR 0571)
       Sylvia A. Mayer (Pro Hac Vice)
       Weil, Gotshal & Manges LLP
       767 Fifth Avenue
       New York, New York 10153
       Telephone:  (212) 310-8000
       Facsimile:   (212) 310-8007

       ATTORNEYS FOR THE
       REORGANIZED DEBTORS

# ATTACHMENT A

## Bank Debt and Third-Party Note Claims

## Bank Debt and Third-Party Note Claims

| | Amended Schedule S Description[1] |
|---|---|
| 2. | Claims arising from and relating to that certain U.S. $1.75 billion 364-Day Revolving Credit Agreement dated May 14,2001 among Enron Corp., as Borrower, Citibank and JPMorgan Chase Bank as Co-Administrative Agents, and the Banks named therein |
| 3. | Claims arising from and relating to that certain U.S. $1.25 billion Long-Term Revolving Credit Agreement dated May 18, 2000 among Enron Corp., as Borrower, Citibank and JPMorgan Chase Bank as Co-Administrative Agents, and the Banks named therein |
| 31. | Claim of Prudential Insurance Company of America arising from and relating to 7.02385% Senior Loan due 6/30/15 |
| 32. | Claim of Prudential Insurance Company of America arising from and relating to 7.5445% Senior Loan due 12/30/15 |
| 33. | Claim of Allied Irish Banks, P.L.C. relating to the TD Credit Agreement among Enron Corp., as Borrower, the Banks party thereto, and Toronto-Dominion (Texas) Inc. (the "TD Credit Agreement"), as Agent |
| 34. | Claim of UBS AG, Stamford Branch relating that certain Promissory Note dated November 15, 1993 by Enron Corp. in favor of UBS AG, Stamford Branch, by assignment in the original principal amount of $100,000,000 |
| 35. | Claim of Barclays Bank relating to that certain Promissory Note dated March 15, 1991 between Barclays Bank PLC and Enron Corp. |
| 36. | Partial Claim of Deutsche Bank, as Trustee, on behalf of Nordea Bank Norge ASA, arising from and relating to the TD Credit Agreement |
| 37. | Claim of Banco Popolare di Verona e Novara relating to the TD Credit Agreement |
| 38. | Claims arising from and relating to the Guaranty dated August 10, 2001 by Enron Corp. in favor of the lenders party from time to time to the Credit Agreement dated August 10, 2001 among San Juan Gas  Company, Inc., the lenders party thereto and Banco Bilbao Vizcaya Argentaria Puerto Rico, as Administrative Agent, and in favor of the Administrative Agent, approximately $15.8 million |
| 39. | Claims arising from and relating to that certain Senior Demand Note dated on or around July 25, 2001 in the approximate principal amount of $11.7 million made by Enron Corp. in favor of United States Trust Company in its capacity as Securities Intermediary for the European Power Limited Company, in connection with Margaux structure |

---

[1] The numbered column reflects the order the claims are listed in Section B of Amended Schedule S.

| | **Amended Schedule S Description** |
|---|---|
| 47. | Claim of ING Bank N.V., London Branch relating to EEL Loan |
| 48. | Claim of Mizuho Corporate Bank, Ltd. Relating to Enron Japan funding agreement |
| 49. | Certain Claims arising from and relating to ENE guarantee of limited claims in connection with Riverside 5 structure |
| 50. | Certain Claims arising from and relating to ENE guarantee of limited claims in connection with Riverside 6 structure |
| 51. | Certain Claims arising from and relating to ENE guarantee of limited claims in connection with Riverside 8 structure |
| 52. | Claim arising from and relating to the Guarantee dated July 15, 1999 made by Enron Corp. in favor of Teesside Power Holdings Limited and Midlands Power (TPL) Limited |
| 53. | Claim arising from and relating to that certain Enron Debt Security Series 1999-A dated November 18, 1999 in the amount of $25,000,000 payable by Enron Corp. to Yosemite Securities Trust I |
| 54. | Claims arising from and relating to that certain Enron Debt Security Series 2000-A dated February 23, 2000 in the amount of L15,500,000 payable by Enron Corp. to Yosemite Securities Company Ltd. |
| 55. | Claim arising from and relating to that certain Enron Debt Security dated August 25, 2000 in the amount of $25,000,000 payable by Enron Corp. to Citibank, N.A. |
| 56. | Claim arising from and relating to that certain Enron Debt Security dated May 24, 2001 in the amount of $25,000,000 payable by Enron Corp. to Citibank, N.A. |
| 57. | Claim arising from and relating to that certain Enron Debt Security dated May 24, 2001 in the amount of E30,000,000 payable by Enron Corp. to Citibank, N.A. |
| 58. | Claim arising from and relating to that certain Enron Debt Security dated May 24, 2001 in the amount of L15,500,000 payable by Enron Corp. to Citibank, N.A. |

# **ATTACHMENT B**

## **Letter of Credit Claims**

# Letter of Credit Claims

| Amended Schedule S Description | Indenture(s) |
|---|---|
| Claim of West LB AG, New York Branch, relating to guarantee of drawn letter of credit obligations of Teeside | 1987 Indenture |
| Claim arising from and relating to that certain Trade Finance and Reimbursement Agreement dated September 10, 2001 among Enron Corp., WestLB AG, London Branch and the banks named therein | 1987 Indenture |
| Claim arising from and relating to that certain Guaranty Agreement dated March 1, 2000 by Enron Corp. in favor of Credit Agricole Indosuez, as agent related to the Committed Trade Finance Facility Agreement dated March 7, 2000 between Enron Europe Limited, Enron Capital & Trade Resources International Corp., the financial institutions listed in Appendix I thereto, and Credit Agricole Indosuez | 1987 Indenture |
| Claim of West LB AG, New York Branch, relating to guarantee of drawn letter of credit obligations of Teeside | TOPRS Indentures |
| Claim arising from and relating to that certain Trade Finance and Reimbursement Agreement dated September 10, 2001 among Enron Corp., WestLB AG, London Branch and the banks named therein | TOPRS Indentures |
| Claim arising from and relating to that certain Guaranty Agreement dated March 1, 2000 by Enron Corp. in favor of Credit Agricole Indosuez, as agent related to the Committed Trade Finance Facility Agreement dated March 7, 2000 between Enron Europe Limited, Enron Capital & Trade Resources International Corp., the financial institutions listed in Appendix I thereto, and Credit Agricole Indosuez | TOPRS Indentures |