# **EXHIBIT 23**

# Minutes of Proceedings

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
                                                                              :
Date:    **July 12, 2007**                                                    :
                                                                              :
-------------------------------------------------------------------------------x
In re:                                                                        :
                                                                              :    Chapter 11
ENRON CREDITORS RECOVERY CORP., et al.,                                       :
                                                                              :    Case No. 01-16034 (AJG)
                    Reorganized Debtors.                                      :    Confirmed Case
                                                                              :
-------------------------------------------------------------------------------x

Present:      Hon. Arthur J. Gonzalez
              Bankruptcy Judge              Courtroom Deputy            Court Reporter


Appearances:         **As set forth on the record of the Hearing**


**Proceedings:**   ☒   Motion, dated June 14, 2007 (the "Motion"), to Clarify the Opinion, dated May 29, 2007, Regarding the Limited Objection of the Baupost Group and Abrams Capital to Approval of Amended Schedule S to the Plan Supplement  (the "Opinion").


**Orders:**        ☒   The Court grants the Motion to Clarify the Opinion as set forth on the record of the hearing. [A copy of which is attached as Exhibit A].


_____

      FOR THE COURT: Kathleen Farrell, Clerk of the Court

      BY THE COURT:

      **s/Arthur J. Gonzalez**            **7**/12/07              Jacqueline De Pierola
      United States Bankruptcy Judge       Date                    Courtroom Deputy

Exhibit "A"

The Debtors seek clarification of this Court's Opinion, dated May 29, 2007, Regarding Limited Objection of the Baupost Group and Abrams Capital to Approval of Amended Schedule S to Plan Supplement (the "Opinion")

The Court will first address footnote 8 of the Opinion. The Court included the footnote to further develop the basis upon which it determined to apply the plain meaning interpretation principle to the TOPRS Indentures. The Court specifically mentioned that while the interpretation that was being applied to the TOPRS Indentures was not the ordinary construct, it was not an absurd result. The Court then illustrated this view by including the footnote which contained one possible scenario of the flow of funds to senior indebtedness. However, the details as to the overall flow of funds under the Indentures was not an issue before the Court and it was not the intent of the Court that its observation in that footnote be viewed as a determination of how the funds flow, requiring further modification of Schedule S. In any event, regardless of the specifics of the upward flow, an absurd result would not follow.

The Court intended for the ruling it rendered in the Opinion to be restricted to the requests made by Baupost in its Limited Objection, as specified in the "Conclusions" section of the Opinion. Thus, in requesting the settlement of an order, the Court sought an order that implemented the specified modifications to Amended Schedule S that the Court set forth in the Conclusions section of the Opinion and did not mandate that the Debtors make any other modification.

The Court recognizes that application of its ruling to only the claims objected to by Baupost would lead to disparate treatment. However, the Court deems that such result is not unfair because everyone had the opportunity to seek to have the Court's interpretation applied

more broadly.  The limited application of the Court's ruling does not affect the interests of the estate.  Nor does it impact any creditor that is not otherwise included in senior indebtedness.  None of the parties that have an economic interest and would benefit from an exclusion of additional claims from Schedule S has objected to the limitation of the Court's ruling.  Indeed, even the Responding Creditors, with claims that were deemed excluded from Schedule S, restricted their responses to issues presented in the Limited Objection and have not sought to apply the Court's ruling more broadly.  In that regard, the Court finds that the parties involved are sophisticated parties that are entitled to waive any rights to which they may be entitled.

Thus, neither policy concerns nor general fairness requires that the Court order the Debtors to modify Schedule S beyond the Court's determination of the issues raised by the Baupost Limited Objection.

The Debtors seek the Court's clarification as to whether other claimants should be removed from Schedule S.  The Debtors acknowledge that the Debtors' interests are not at issue and that the matter that was before the Court and the subject of its Opinion concerned inter-creditor relations.  The creditors with interests at stake have not come forward seeking to have claims similar to the excluded claims removed from Schedule S.  Any effort to further adjust Schedule S would require, consistent with due process concerns, notice and opportunity to be heard by impacted creditors.

Based upon the foregoing, the Court does not require the Debtors to make further modifications to Schedule S.  For their part, the Debtors should consider whether they seek to pursue further modification of Schedule S, in light of the absence of both impact on the Debtors and any request by potentially impacted creditors - in what is an inter-creditor dispute - for

further modification, as well as the other costs and expenses that would be associated with pursuing any such modification.

With respect to the Yosemite Claims, the Court clarifies that the exclusion of those Claims was pursued by Baupost in the context of the TOPRS Indentures and that the Yosemite Claimants did not object to the relief sought. Therefore, the Court's ruling as related to the TOPRS Indentures applies to the Yosemite Claims. Consequently, Claim No. 12107, and Claim No. 12109 should be excluded from the list of claims set forth on Amended Schedule S that benefit from subordination under the TOPRS Indentures.

Finally, with respect to Baupost's request that the Court order a distribution out of the Subordinated Debt Funds to undisputed beneficiaries of the applicable subordination provisions, the Court denies that request on procedural grounds. Any such request must be made by appropriate motion.

To the extent the Debtors find that it is not within the interests of the estates to make further modifications to Schedule S beyond that determined by the Court, it may submit, after circulation among the interested parties, a proposed order attaching Schedule S. Otherwise, the Debtors should submit a separate order resolving the Limited Objection and schedule a hearing regarding the approval of any additional modifications sought with respect to Schedule S.