Hearing Date: July 12, 2007 @ 10:00 a.m. New York City Time

ISAAC M. PACHULSKI (Cal. State Bar No. 62337), and
ERIC D. WINSTON (Cal. State Bar No. 202407), Members of
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone (310) 228-5600
Facsimile (310) 228-5788
Attorneys for The Baupost Group, L.L.C. and Abrams Capital, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| ENRON CORP., et al., | Case No. 01-16034 (AJG) |
| Debtors. | Jointly Administered |

------------------------------------------------------x

**RESPONSE OF THE BAUPOST GROUP, L.L.C. AND ABRAMS CAPITAL, LLC TO REORGANIZED DEBTORS' MOTION TO CLARIFY THE OPINION REGARDING THE LIMITED OBJECTION OF THE BAUPOST GROUP AND ABRAMS CAPITAL TO APPROVAL OF AMENDED SCHEDULE S TO THE PLAN SUPPLEMENT**

**TO THE HONORABLE ARTHUR GONZALEZ, UNITED STATES BANKRUPTCY JUDGE:**

The Baupost Group L.L.C. ("Baupost") and Abrams Capital, LLC ("Abrams" and, with Baupost, "Baupost/Abrams") submit this Response to the "Reorganized Debtors' Motion To Clarify The Opinion Regarding The Limited Objection Of The Baupost Group And Abrams Capital To Approval Of Amended Schedule S To The Plan Supplement" (the "Clarification Motion") filed by Enron Creditors Recovery Corp., f/k/a Enron Corp. ("Enron") and its affiliated reorganized debtor entities. All terms not otherwise defined herein have the same meanings as defined in the "Opinion Regarding Limited Objection Of The Baupost Group And Abrams Capital To Approval Of Amended Schedule S To Plan Supplement" (the "Opinion").

417143v3

# I.

# INTRODUCTION

A. **Baupost/Abrams' Limited Objection To Schedule S.**

In 2005, Baupost/Abrams filed their Limited Objection to Amended Schedule S, in which they objected to the inclusion of two categories of claims in the enumeration of claims that were the beneficiaries of various contractual subordination provisions. First, they objected to the inclusion of the Intercompany Claims to the extent listed on (a) Schedule S's list of claims benefiting from subordination under the 1987 Indenture (the "1987 Indenture List"); (b) Schedule S's list of claims benefiting from subordination under the TOPRS Indentures (the "TOPRS List"); and (c) Schedule S's list of claims benefiting from subordination under the 1993 and 1994 Loan Agreements (the "Loan Agreements' List"). The Intercompany Claims consisted of: the Cherokee Claim; the EEC Claims; the EFP Claims; and Claims Nos. 12107 and 12109 (the latter two being the "Yosemite Claims").

Second, Baupost/Abrams objected to the inclusion of the LOC Claims to the extent listed on Schedule S's list of claims benefiting from contractual subordination under the 1987 Indenture and the TOPRS Indentures. The LOC Claims consisted of 14 claims for reimbursement under letters of credit asserted by: Chase. *See* Docket Nos. 27072 (Limited Objection) and 27541 (Baupost/Abrams' omnibus reply to responses regarding LOC Claims).

Subsequent to the filing of their Limited Objection, Baupost/Abrams withdrew their objections to the inclusion of certain claims on Schedule S as they were provided additional information. Ultimately, as of the October 20, 2005 hearing date, the Limited Objection applied to the following:

417143v3

| Claim | 1987 Indenture | TOPRS Indentures | 1993/1994 Loan Agreements |
|---|---|---|---|
| LOC Claims | Objection pending | Objection pending | No objection |
| Cherokee Claim | No objection | Objection pending | Objection pending |
| EEC Claims | N/A | No objection | Objection pending |
| EFP Claims | Objection pending | Objection pending | Objection pending |
| Yosemite Claims | No objection | Objection pending | No objection |

Baupost/Abrams did not object to the inclusion of any other claims listed on Schedule S. No other party in interest objected to Schedule S. No other party in interest filed papers with this Court asserting that the Limited Objection was under-inclusive or that more claims should be removed from the 1987 Indenture List, the TOPRS Indenture List, or the 1993/1994 Loan Agreements' List. No holder of any claim that was not the subject of the Limited Objection received notice of any objection to the inclusion of its claim on Schedule S. Only the Debtors, who expressly stated that they would remain neutral in the inter-creditor disputes regarding Schedule S, asserted the right to further modify Schedule S in light of whatever rulings this Court made with respect to the Limited Objection. *See* Docket No. 27579. The parties holding claims subject to the Limited Objection who responded to the Limited Objection were: ABN; American Express; Chase; Farallon; HVB; John Hancock; and WestLB, AG (collectively, the "Responding Parties").

**B.    The Opinion.**

On May 29, 2007 this Court issued its Opinion[1] sustaining in part and overruling in part the Limited Objection. Specifically, this Court held that:

- The EFP Claim is excluded from the definition of "Senior Indebtedness" and does not benefit from subordination under the 1987 Indenture. This

---

[1] The Opinion has been reported at 2007 Bankr. LEXIS 1739 (Bankr. S.D.N.Y. 2007). All citations to the Opinion are Opinion at *__.

3

conclusion sustains the Limited Objection with respect to whether the EFP Claim should be listed on the 1987 Indenture List;

- The Cherokee Claim and the EFP Claim are excluded from the definition of "Senior Indebtedness" and do not benefit from subordination under the TOPRS Indentures. This conclusion sustains the Limited Objection with respect to whether the Cherokee Claim and the EFP Claim should be listed on the TOPRS List;

- The LOC Claims are excluded from the definition of "Senior Indebtedness" and do not benefit from subordination under the 1987 Indenture. This conclusion sustains the Limited Objection with respect to whether the LOC Claims should be listed on the 1987 Indenture List;

- The LOC Claims are excluded from the definition of "Senior Indebtedness" and do not benefit from subordination under the TOPRS Indentures. This conclusion sustains the Limited Objection with respect to whether the LOC Claims should be listed on the TOPRS List; and

- The EEC Claims, the Cherokee Claim, and the EFP Claims are entitled to the benefit of subordination under the 1993 and 1994 Loan Agreements. This conclusion overruled the Limited Objection with respect to whether such claims should be listed on the Loan Agreements List.

This Court directed Baupost/Abrams to "settle an order consistent with this opinion." Opinion at *69. In accordance with that direction, Baupost/Abrams began preparing a form of order, and circulated a form of order to counsel to the Responding Parties. That form of order is attached hereto as Exhibit "A" (the "<u>Proposed Order</u>"). The Proposed Order expressly states each of the holdings set forth above. In addition, at the request of certain of the Responding Parties, the Proposed Order expressly states that several claims to which Baupost/Abrams objected initially, but to which objections were subsequently withdrawn, are entitled to benefit from contractual subordination, to the extent

4

set forth on Schedule S. Counsel to American Express Bank Ltd., JPMorgan Chase Bank, N.A., and WestLB, AG have indicated their approval of the form of the Proposed Order.

### C. The Clarification Motion.

The Debtors request "clarification" of the Opinion in a manner that could have a substantive impact on claims (i) to whose inclusion on Schedule S no party with an economic interest in Schedule S has objected, and (ii) whose holders never received notice of any objection to the inclusion of their claims on Schedule S. First, the Debtors request clarification as to whether the Court's request for Baupost/Abrams to settle an order "(i) solely relat[es] to the specific modifications to Amended Schedule S set forth in the Conclusions section of the Opinion or (ii) that includes modifications not specified in the Conclusions section of the Opinion, but, rather, addressed in other parts of the Opinion." Clarification Motion at ¶ 7. If the answer to the first request is in the affirmative, second the Debtors request clarification as to whether they should (a) remove claims currently listed on the 1987 Indenture List and the TOPRS List that were not objected to by Baupost/Abrams (or any other party) and (b) add to the TOPRS List the notes arising under the 1987 Indenture. See Clarification Motion at ¶ 8.

## II.

## ARGUMENT

### A. The Opinion Should Not Be Read To Require Any Modifications To Schedule S Beyond Those Set Forth In The Limited Objection.

The Debtors request "clarification" so that additional claims not referenced in the Limited Objection may be removed from the 1987 Indenture List and the TOPRS List (the "Potentially Challenged Claims"). Specifically, the Debtors contend that (a) two claims currently listed in the 1987 Indenture List and the TOPRS List are similar in nature to the LOC Claims and should be removed from the 1987 Indenture List and the TOPRS Indenture, *see* Clarification Motion at ¶ 8.b; and (b) certain bank debt and third-party note claims were not "sold by" Enron and thus should be removed from the TOPRS Indenture, *see* Clarification Motion at ¶ 8.a. The Debtors also suggest that claims arising under the 1987

5

Indenture should be added to the TOPRS Indenture. The basis for this suggested addition is footnote 8 of the Opinion. *See* Clarification Motion at ¶ 8.c. Baupost/Abrams do not, however, believe that this Court intended for the Opinion to adversely affect the rights of parties holding claims whose inclusion on Schedule S was <u>not</u> objected to by Baupost/Abrams, or any other party in interest.

When the Debtors filed and served their "Notice of Presentment of Order Approving Amended Schedule S To Plan Supplement" (the "Schedule S Notice"), the Debtors expressly stated that parties in interest had a certain time to object. In the event that no objection was properly filed and served, this Court could enter the proposed order attached to the Schedule S Notice without a hearing. Thus, the burden was on parties who had an economic stake in Schedule S to raise any concerns or objections with respect to the claims the Debtors listed on the 1987 Indenture List, the TOPRS List, and the Loan Agreements' List by the specified deadline.

The **only** parties who objected to Schedule S were Baupost/Abrams. No other parties in interest objected to Schedule S, and no parties in interest other than the Responding Parties questioned the Limited Objection. Any party in interest or the Debtors could have asserted at or before the hearing on the Limited Objection that, if Baupost/Abrams' arguments were correct, additional claims needed to be removed from Schedule S. No party in interest made those arguments, and this Court was not provided with any of the documents relating to the claims listed in the Clarification Motion as potentially being subject to removal.

To suggest that the Opinion was intended to cause additional, non-objected to claims to be removed from Schedule S – claims that were not before this Court at any time relevant to the Schedule S disputes nor the subject of any notice to the claimants of an objection - raises, at minimum, substantial due process concerns. The parties holding Potentially Challenged Claims have not yet been given an opportunity to present their arguments or documents, including arguments that their claims constitute "senior

6

417143v3

indebtedness" as this Court interpreted that term in the Opinion. Baupost/Abrams do not believe that this Court intended that its Opinion affect the rights of such non-party creditors.

The Debtors may be correct that some or all Challenged Claims could suffer from the same legal defects as did the claims specifically identified by the Limited Objection, as sustained. Baupost/Abrams limited their objections to two categories of claims which they believed were clearly not entitled to benefit from contractual subordination (including, ultimately incorrectly per this Court's Opinion, under the 1993/1994 Loan Agreements). That a party in interest could have objected back in 2005 to the inclusion of the Potentially Challenged Claims on Schedule S by relying on the same arguments Baupost/Abrams raised with respect to other claims addressed in the Limited Objection does not mean that this Court intended for its Opinion to re-open the door to litigate new Schedule S issues regarding previously unobjected to claims.

Further, this Court's discussion in footnote 8 of the Opinion on which the Debtors appear to rely to suggest removal of certain bank claims from the TOPRS List and the addition of the 1987 Indenture to the TOPRS List, does not justify making any further modifications to Schedule S. This Court offered the cited comments to explain why the plain language of the TOPRS Indentures, while not an ordinary construct, was not absurd. *See* Opinion at *44. Baupost/Abrams believes that nothing in footnote 8 suggests that the Court expected to have Schedule S further modified, to affect claims that were not even before the Court.

The Proposed Order accurately reflects this Court's rulings set forth in the Opinion. Baupost/Abrams respectfully request that this Court enter the Proposed Order. To the extent that this Court intended for Schedule S to be further modified in the manner suggested by the Debtors, to affect claims that were not even before the Court, the creditors holding Challenged Claims must be given adequate notice and opportunity to respond.[2]

---

[2] Baupost holds certain claims that the Debtors have identified in Attachment A to the Clarification Motion as potentially being subject to exclusion from the TOPRS Indenture. Baupost reserves all rights to respond and object to any effort to remove any of its claims from the TOPRS List.

7

417143v3

B.   **The Proposed Order Properly Excludes The Yosemite Claims From The TOPRS Indenture.**

As noted above, the Limited Objection included objections to the inclusion of the Yosemite Claims on the TOPRS List. *See* "Notice of Second Modification of Baupost/Abrams' Limited Objection To Approval Of Amended Schedule S To Plan Supplement" at 2. Baupost/Abrams objected to the inclusion of the Yosemite Claims on the TOPRS Indenture list because, among other arguments, the notes relating to the Yosemite Claims were not "sold by" Enron.

The holders of the Yosemite Claims did not respond to the Limited Objection. At the hearing on the Limited Objection, counsel to Baupost/Abrams expressly argued to the Court that the Yosemite Claims should be excluded from the TOPRS List. *See* October 20, 2005 Transcript at 23-24.

The Opinion does not specifically address the Limited Objection's objections to the Yosemite Claims. Because Baupost/Abrams timely objected to the inclusion of the Yosemite Claims, and the holders of such claims did not respond to the Limited Objection (and thus have not sustained their burden of persuasion, *see* Opinion at *19 n.1). Baupost/Abrams requests that the Yosemite Claims be excluded from the TOPRS List. The Proposed Order provides such relief.

C.   **The Debtors Should be Directed To Distribute Funds To Undisputed Beneficiaries Of Subordination.**

The Debtors have not made any distributions out of the amounts that would have been distributed to the contractually subordinated claims but for the reallocation required by the applicable subordination provisions -- worth tens to hundreds of millions of dollars, (the "Subordinated Debt Funds") -- to holders of claims who benefit from subordination under the 1987 Indenture, the TOPRS Indentures, and the 1993/1994 Loan Agreements.

By virtue of the Opinion, the Debtors now have sufficient information to make distributions of the Subordinated Debt Funds to undisputed holders of "senior indebtedness". The Opinion identifies which of the claims challenged by Baupost/Abrams in

8

their Limited Objection must be excluded from the 1987 List and the TOPRS List.[3] Even if holders of claims excluded from the 1987 List or the TOPRS List by virtue of the Opinion appeal, the Debtors can reserve for such claims while distributing the remainder.

Further, in the event that this Court grants the Clarification Motion (which it should not), the Debtors can reserve for the claims identified in Attachments A and B while making distributions to creditors who indisputably are entitled to benefit from the applicable subordination provisions. Undisputed beneficiaries of the applicable contractual subordination provisions have been waiting for years to receive any distribution out of the Subordinated Debt Funds.

### III.

### CONCLUSION

For the reasons and based on the authorities presented above, the Motion should be denied, the Proposed Order should be entered, and the Court should order a distribution out of the Subordinated Debt Funds to undisputed beneficiaries of the applicable contractual subordination provisions.

Dated: July 6, 2007
Los Angeles, California

> STUTMAN, TREISTER & GLATT
> Professional Corporation
>
> By _____/s/_____
> ISAAC M. PACHULSKI (Cal. State Bar No. 62337)
> ERIC D. WINSTON (Cal. State Bar No. 202407)
> 1901 Avenue of the Stars, 12th Floor
> Los Angeles, California 90067
> Telephone (310) 228-5600
> Facsimile (310) 228-5788
>
> ATTORNEYS FOR THE BAUPOST GROUP, L.L.C.

---

[3] The Limited Objection having been overruled as it relates to the 1993/1994 Loan Agreements, all of the claims listed on the Loan Agreements' List are undisputed beneficiaries of subordination.

417143v3

# EXHIBIT "A"

ISAAC M. PACHULSKI(Cal. State Bar No. 62337) and
ERIC D. WINSTON (Cal. State Bar No. 202407), Members of
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone (310) 228-5600
Facsimile (310) 228-5788
Attorneys for The Baupost Group L.L.C. and Abrams Capital, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 |
| ENRON CREDITORS RECOVERY | ) |
| CORP. et al., | ) Case Nos. 01-16034 (AJG) |
| | ) |
| | ) Confirmed Case |
| Reorganized | ) |
| Debtors. | ) |

**ORDER SUSTAINING IN PART AND OVERRULING IN PART LIMITED OBJECTION OF THE BAUPOST GROUP AND ABRAMS CAPITAL TO APPROVAL OF AMENDED SCHEDULE S TO PLAN SUPPLEMENT**

Upon consideration of the "Limited Objection of the Baupost Group and Abrams Capital to Approval of Amended Schedule S to Plan Supplement" as modified (the "Limited Objection") to the "Notice of Presentment of Order Approving Amended Schedule S to Plan Supplement" (the "Schedule S Notice"), the responses submitted to the Limited Objection and the replies to such responses; and adequate and sufficient notice of the Notice and the Limited Objection having been provided to all parties entitled thereto in accordance with the "Scheduling Order Concerning Amended Schedule S To The Plan Supplement" entered on September 1, 2005; and a hearing having been held on October 20, 2005 to consider the Schedule S Notice and the Limited Objection; and this Court having entered its "Opinion Regarding Limited Objection Of The Baupost

416301v4

Group And Abrams Capital To Approval Of Amended Schedule S To Plan Supplement" (the "Opinion") on May 29, 2007,[1] it is hereby

ORDERED, that the Limited Objection is sustained in part and overruled part, as set forth in the Opinion;

ORDERED, that the EFP Claims shall be excluded from the list of claims set forth on Amended Schedule S that benefit from subordination under the 1987 Indenture;

ORDERED, that the Cherokee Claim shall not be excluded from the list of claims set forth on Amended Schedule S that benefit from subordination under the 1987 Indenture;

ORDERED, that the Cherokee Claim, the EFP Claims, Claim No. 12107, and Claim No. 12109 shall be excluded from the list of claims set forth on Amended Schedule S that benefit from subordination under the TOPRS Indentures;

ORDERED, that the Cherokee Claim and the EFP Claims shall not be excluded from the list of claims set forth on Amended Schedule S that benefit from subordination under the 1993 and 1994 Loan Agreements;

ORDERED, that the EEC Claims shall not be excluded from the list of claims set forth on Amended Schedule S that benefit from subordination under the TOPRS Indentures and the 1993 and 1994 Loan Agreements;

ORDERED, that the LOC Claims shall be excluded from the list of claims set forth on Amended Schedule S that benefit from subordination under the 1987 Indenture;

ORDERED, that the LOC Claims shall be excluded from the list of claims set forth on Amended Schedule S that benefit from subordination under the TOPRS Indentures;

---

[1] All terms not otherwise defined herein have the same meanings as defined in the Opinion.

416301v4　　　　　　　　　　　　　　　　2

        ORDERED, that the LOC Claims shall not be excluded from the list of claims set forth on Amended Schedule S that benefit from subordination under the 1993 and 1994 Loan Agreements; and

        ORDERED, that Amended Schedule S shall be deemed modified by the terms of this Order.

Dated: July __, 2007
       New York, New York

                                      THE HONORABLE ARTHUR J. GONZALEZ
                                      U.S. BANKRUPTY JUDGE